R. H. LAFFERTY, Appellant, v. CHARLES E. HILLIKER, Defendant; LORAINE HILLIKER, Interpleader, Respondent.

Kansas City Court of Appeals, May 16, 1904.

1. **APPELLATE AND TRIAL PRACTICE: Saving Exceptions: Harmless Error.** Though appellant objected to the introduction of evidence, yet if he fails to save an exception to the action of the court, the error, if any, is waived; and certain evidence, though inadmissible, is held harmless.

2. **FRAUDULENT CONVEYANCE: Instruction: Settlement: Payment.** An instruction as to the validity of a chattel mortgage is not faulty although it fails to submit the questions of fraud and the inflation of the note and whether it had been paid or not, when there is no evidence tending to show such matters, and evidence that there had been no settlement between the parties has no such tendency.

3. **INTERPLEA: Instruction: Verdict.** An instruction relating to a former verdict between plaintiff in attachment and an interplea for the attached property, while technically wrong is held harmless.

Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge.

AFFIRMED.

*Jas. C. Reiger* for appellant.

(1) Appellant contends that this instruction is erroneous and fatally prejudicial for the reason that it told the jury that if the note and mortgage were made and delivered to interpleader on December 26, 1895, then they should find for interpleader; thus entirely eliminating from the consideration of the jury the question as to whether or not the note was fraudulent and void, whether it was inflated and whether it had been paid and the mortgage thereby satisfied. It assumed that the note was all right and that the indebtedness had not been paid, which were questions to be submitted to the jury. Shoe Co. v. Hilig, 70 Mo. App. 301; State v. Homes, 17 Mo. 379; Chappell v. Allen, 38 Mo. 213; Kendig v. Railroad, 79 Mo. 220; Spohn v. Railroad, 87 Mo. 74; Bank v. Metcalf, 29 Mo. App. 395; Hohstadt v. Daggs, 50 Mo. App. 240. (2) In an issue made upon an interplea in an attachment case, the only question for trial is the right of property, and the only issue which can be submitted to the jury is whether the property attached was the property of interpleader or not. Rindskoff v. Rogers, 34 Mo. App. 126; Dry Goods Co. v. Carr, 83 Mo. App. 321; Buggy Co. v. Lowery, Oct. term, 1903, this court; Swartz v. Chappell, 19 Mo. 304.

*Meservey, Pierce & German* for respondent.

(1) The instructions given for interpleader were

proper. The plaintiff's own testimony showed that no part of the note, either principal or interest, had ever been paid. (2) Appellant also complains of the instruction given by the court, as to the form of the verdict, his particular objection being to that part of the instruction which tells the jury to find the interpleader's special interest to be . . . dollars. The case of Drumm-Flato Commission Company v. Summers, 89 Mo. App. 300, approves the instructions.

BROADDUS, J.—This is a suit commenced by attachment in a justice's court, wherein certain household goods of defendant were seized under a writ of attachment. The defendant retained the property, the interpleader furnishing the security. The interpleader claimed the goods through a chattel mortgage on same executed and duly recorded on December 26, 1895. The plaintiff challenged the good faith of the mortgage. There was evidence tending to show that the amount of indebtedness mentioned in said mortgage of $563.89 was a *bona fide* indebtedness from defendant to interpleader.

The plaintiff introduced interpleader as a witness who testified that at different times prior to the date of the mortgage he had let defendant, who was his father, have various sums of money which, together with $63.89, the amount of a judgment against his father and which interpleader had paid, constituted the sum of the note so secured by said mortgage. Other evidence was introduced to the effect that interpleader claimed to be the owner of certain teams which defendant used in the transfer business in which he was engaged. Interpleader's evidence was to the effect that he bought the teams and his father was superintending the business for him with the understanding that he was to support his family and when he earned money enough he was to pay plaintiff for said teams. There was also evidence introduced to show by accounts

and otherwise that interpleader had paid for said teams. It was shown that the property after it was attached and defendant had given a forthcoming bond for it, defendant moved it out of the State with consent of interpleader. The evidence disclosed that there had been no settlement had between defendant and interpleader from date of execution of note to the time of filing the interplea.

The jury returned a verdict for interpleader upon which judgment was rendered, and plaintiff appealed. The plaintiff claims that the court committed error in permitting interpleader to prove that he had paid for the teams mentioned, but as he did not except to the action of the court at the time, the error was waived. We can not see what the evidence in that particular, and that also referring to the teams in any other respect, had to do with the merits of the case. We do not see how the jury could apply it to the issue, or how it could affect their deliberations; for that reason it was harmless and worked no injury to the plaintiff.

The plaintiff objects to the following instruction given in behalf of interpleader, viz.: "The jury are instructed that if you find and believe from the evidence that on December 26, 1895, the defendant, Charles E. Hilliker, was indebted to the interpleader, Loraine Hilliker, in the sum of and as evidenced by the note for $563.89 offered in evidence and that the chattel mortgage offered in evidence was executed by said Charles E. Hilliker and wife and delivered to said interpleader and accepted by him for the sole purpose of securing said note for $563.89, then your verdict will be for the interpleader, Loraine Hilliker." The objection made, is that the instruction eliminated "from the consideration of the jury the question as to whether or not the note was fraudulent and void, whether it was inflated, and whether it had been paid and the mortgage satisfied."

There was no evidence in the case that the note

had been paid, or that it had been inflated   The evi-
dence introduced by plaintiff was to the effect that it
had not been paid; and the only evidence that plaintiff
can point to in the record that it had been, was that
defendant and interpleader had had no settlement of
their business affairs for the year intervening since
the execution of the note and the beginning of the suit.
It is not perceivable how such a fact alone could
have had any probative force whatever.   Said instruc-
tion required the jury to find that defendant was *in-
debted* to interpleader in the sum of $563.89 before it
was authorized to find for him, which was tantamount
to telling it if the note included more than the actual
indebtedness, it could not so find.   The instruction
seems to be unobjectionable.

The form in which the jury were instructed to re-
turn their verdict if the finding should be for inter-
pleader is also criticized.   It was thus: "We the jury
find that at the time of the filing of the interplea, the
interpleader was entitled to the possession of the
property described in the interplea; and we further
find the interplea's special interest therein to be ——
dollars."   The jury adopted the form provided by the
court and fixed the special interest of interpleader at
$563.89, the amount of the note.

We do not see how plaintiff was affected by the
error.   Interpleader was entitled to the possession of
the property under his mortgage without reference to
his special interest therein, as the same was due and
the title was in him, and he alone had the right to com-
plain of the instruction if any one had.   But it was
harmless as to all parties.

There was no error committed on the trial preju-
dicial to plaintiff.   The cause is affirmed.   All concur.